IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Terry, | ) | C/A No. 3:15-3670-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richland School District Two, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Lawrence Terry, a self-represented litigant, filed this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. This matter is before the court on the plaintiff's motion for the issuance of a subpoena. (ECF No. 19.) The plaintiff's motion requests his investigative file from the South Carolina Human Affairs Commission, which is not a party to this action. The plaintiff contends that he was informed by an employee at the Commission that the Commission would provide the documents to him upon being served with a subpoena.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that

the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process").  The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived.  See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").  While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service,[1] the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C)(i); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil

---

[1] The plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiff does not prevail.  See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).



Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

In his current motion, although the plaintiff has clearly identified the documents he seeks and from whom he seeks those documents and has provided a reasonable explanation as to how the requested documents are relevant to his case, the plaintiff has not presented all of the information necessary for the issuance of a subpoena *duces tecum*. Specifically, the plaintiff must:

(1)    show that the requested documents are obtainable only through the identified third party;

(2)    show that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

(3)    demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

Additionally, the plaintiff is advised of Rule 45(a)(4) of the Federal Rules of Civil Procedure requiring notice to the defendant of certain subpoenas served on third-parties.

It is therefore

**ORDERED** that the plaintiff's motion for subpoena is denied with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order.

Page 3 of  4



**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 19, 2016
Columbia, South Carolina